UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MIGUEL RIVERA,
    Plaintiff,

vs.                                            03-1382

J. MELVIN, et al.,
    Defendants.

**ORDER**

This cause is before the court for consideration of the plaintiff's motions for a "protective order" [d/e 7, 28, 31, 34] and the defendants' motions to dismiss the complaint. [d/e 19, 24]

I.  BACKGROUND

The plaintiff, Miguel Rivera, brings this action pursuant to 42 U.S.C. §1983 alleging that his constitutional rights were violated at the Pontiac Correctional Center. The plaintiff has named eight defendants including Counselor J. Melvin; Mail Room Supervisor Marge Haab; Assistant Warden Cox, Assistant Warden Adella Luster; Warden Mote; Internal Affairs Officer Troy Whitaker, Lieutenant Deatherage and Law Library Supervisor Mark Spencer.

The plaintiff's rambling complaint is difficult to decipher, but his main contention is that the defendants have taken little action to protect him from a potential gang attack. The plaintiff says he was attacked by gang members at Logan Correctional Center in 1995, so the defendants should take the threats more seriously.

The plaintiff says he has repeatedly reported to the defendants that he is being threatened by gang members. The plaintiff says gang members told him that if he left his cell, they would attack him. The plaintiff says the inmates who threatened him were members of the Black P. Stones and he identified which inmates were making threats. The plaintiff also says when he went to the commissary, two gang members took his commissary items from him.

The plaintiff says he was put in confinement at different times and segregation, but then he would be returned to the general population. The plaintiff further states that when internal affairs officers would talk to his "enemies," his life was in even greater danger. The plaintiff says on one occasion, inmates put a knife on his windowsill and told the plaintiff they intended to use it against him. The plaintiff says he reported the threat and officers saw the knife.

The plaintiff says he continued to ask officials what they were going to do to protect him, and on one occasion Defendants Cox and Mote told him to stop filing grievances. The plaintiff says from then on he began to have problems with his cases. The plaintiff says Defendant

Spencer and other library clerks refused to provide him legal assistance. In addition, the plaintiff says the defendants tampered with his legal mail. The only specific legal mail the plaintiff refers to in his complaint is a letter to the "Judicial Inquiry Board." However, the plaintiff also says he was forced to send out some "legal mail" in another inmates name.

The plaintiff states Defendant Deatherage came to his cell and began yelling at him which put his life in danger. The plaintiff says Deatherage told the plaintiff that he did not have enemies at Pontiac and there was no hit on his life. Deatherage told the plaintiff to stop sending letters about gang hits because they would not make it out of the prison.

The plaintiff's 15 page handwritten complaint also has hundreds of pages of attachments. It appears the plaintiff is trying to verify that he did send letters and file grievances concerning gang threats. However, these documents should not be submitted with a complaint. The Federal Rules of Evidence require that the plaintiff submit "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Therefore, the court will strike the attachments to the plaintiff's complaint.

The plaintiff's complaint makes the following allegations:

1) The defendants violated his Eighth Amendment rights when they failed to protect him from a gang hit.
2) The defendants retaliated against the plaintiff for his frequent complaints and grievances concerning gang threats.
3) The defendants violated his constitutional right to meaningful access to the courts when they interfered with his legal mail

The plaintiff is asking for the court to order that he be transferred to Illinois River Correctional Facility in the witness protection program. The plaintiff is also asking for damages for "harassment, stress, and mail tampering." (Comp, p. 15)

LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that state no actionable claim. It is well established that pro se complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972), reh'g denied, 405 U.S. 948 (1972). See also Tarkowski v. Robert Bartlett Realty Co., 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 521.

When considering whether to dismiss a complaint for failure to state a claim, the court takes the allegations in the complaint as true, viewing all facts and reasonable inferences drawn from those facts in the light most favorable to the Plaintiff. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990).

ANALYSIS

A.  INJUNCTIVE RELIEF

The defendants argue that the plaintiff is not entitled to injunctive relief based on his claim that the defendants were deliberately indifferent to his health and safety.  The defendants state that the plaintiff no longer resides at Pontiac Correctional Center.  He has been transferred to Menard Correctional Center.  If a prisoner is transferred to another prison, "his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred." ' Higgason v. Farley, 83 F.3d 807, 811 (7th Cir.1996), quoting Moore v. Thieret, 862 F.2d 148, 150 (7th Cir.1988).   The plaintiff has made no such showing.  Therefore, the court will dismiss the plaintiff's claims for injunctive relief.

B.  EIGHTH AMENDMENT

The defendants argue that the plaintiff has failed to state a violation of his Eighth Amendment rights because he has not alleged anything more than a threat to his safety.  The Seventh Circuit has held in similar cases that even though the plaintiff may have legitimate fears, he could not recover monetary damages because "it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment." Babcock v. White, 102 F.3d 267, 272 (7th Cir.1996).  Therefore, "[a]n allegation that prison officials exposed a prisoner to a 'risk of violence at the hands of other inmates,' does not implicate the Eighth Amendment's Cruel and Unusual Punishments Clause." Doe v. Welborn, 110 F.3d 520, 524 (7th 1997) quoting Babcock, 102 F.3d at 273.  The court will dismiss the plaintiff's Eighth Amendment claim for failure to state a claim upon which relief can be granted.

C.  ACCESS TO COURTS

The defendants persuasively argue that the plaintiff has failed to state a claim upon which relief can be granted based on meaningful access to the courts.  An inmate alleging denial of access to the courts lacks even the standing to assert such a claim in the absence of actual injury, which means an adverse decision in, or inability to litigate, some concrete legal claim. Lewis v. Casey, 518 US. 343, 116 S. Ct. 2174, 2180 (1996).  The plaintiff has failed to allege that he suffered any actual injury as a result of the defendants actions.

D. RETALIATION

The defendants argue that the plaintiff has failed to state a claim upon which relief can be granted alleging retaliation.  To state a claim for retaliation, a plaintiff need not allege a chronology of events from which retaliation could be plausibly inferred. Higgs v. Carver, 286 F.3d 437, 439 (7th Cir.2002). It is sufficient that he allege sufficient facts to put the defendants on notice of the claim so that they can file an answer. Id.

The plaintiff's complaint states that Defendants Cox and  Mote "put me under a lot

3

of stress and pressure and harassment and retaliation." (Comp., p 11) Specifically, the plaintiff says the two were walking through the segregation unit when he stopped them and asked what they were doing to protect him. The plaintiff claims Mote became angry and told the plaintiff that he had a lot of people mad at him and says "you don't have (nothing coming at all)" Id. The plaintiff says Cox "just smiled at me, and stated stop filing grievance this is not Logan, C.C." Id.

The plaintiff says from then on he had legal trouble. However, the plaintiff does not allege any further conduct by Cox or Mote. The plaintiff instead refers to Defendant Spencer not providing legal assistance and the mail room refusing to mail his letter to the Judicial Inquiry Board for free. The plaintiff has not clarified this claim in his response to the motion to dismiss. The plaintiff has failed to state any facts in support of his general claim of retaliation, and therefore it is insufficient to provide the defendant with notice of his claim.

**IT IS THEREFORE ORDERED that:**

**1) The hundreds of pages of exhibits attached to the plaintiff's 15 page complaint are striken as a violation of Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2)**

**2) The defendants' motions to dismiss the complaint are granted.[d/e 19, 24] This case is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915A.**

**3) This dismissal counts as a strike against the plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g). The clerk is directed to record the strike.**

**4) The agency having custody of the Plaintiff is directed to remit the docketing fee of $150.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $150.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the fee is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $150.00.**

**5)The plaintiff is to notify the clerk of the court of a change of address and phone number within seven days of such change. Ultimately, the plaintiff is responsible for ensuring the $150.00 filing fee is paid to the clerk of the court even though his case has been dismissed. Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.**

**6) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

7) The plaintiff's motions for a protective order are denied as moot. [d/e 7, 28, 31, 34].

Entered this 21st day of September, 2004

                                          **s\Harold A. Baker**

                                    _____
                                        HAROLD A. BAKER
                                UNITED STATES DISTRICT JUDGE