E-FILED
Monday, 23 May, 2005  11:15:02 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MIGUEL RIVERA,
   Plaintiff,

vs.                                 Case No. 03-1382

J. MELVIN, et. al.,
   Defendants.

## ORDER

This cause is before the court on the plaintiff's motion to reconsider the Court's September 21, 2004 Court Order granting the defendants motion to dismiss the complaint [d/e 39] and plaintiff's motion for additional time to file a reply to the defendants response. [d/e 41] The motion for an extension of time is denied as moot. The plaintiff has now filed a reply which the court will consider.

A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. The pro-se plaintiff's motion does not reference either rule. However, Rule 59(e) motions to alter or amend the judgment must be filed within ten business days of the entry of judgment. *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994), cert. denied, 115 S.Ct. 2558 (1995). The plaintiff's motion was not filed until five months after judgement was entered for the defendants. Therefore, the plaintiff's only basis for relief is Rule 60 of the Federal Rules of Civil Procedure. *See Charles v. Daley*, 799 F.2d 343, 347 (7th Cir. 1986); *Western Industries, Inc. v. Newcor Canada Limited*, 709 F.2d 16, 17 (7th Cir. 1983).

A motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) "permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud." *American Federation of Grain Millers, Local 24 v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir. 1994). Such relief is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986).

The plaintiff's complaint was dismissed after he failed to respond to the defendants motion to dismiss, and the court found that the plaintiff had failed to state any claims upon which relief could be granted. *See* September 21, 2004 Court Order. The main contention in the plaintiff's complaint was that the defendants had failed to protect him from potential attacks by his enemies. The plaintiff alleged no more than a threat to his safety.

In his motion, the plaintiff states that he has been transferred from Menard Correctional Center to the protective custody unit at Pontiac Correctional Center. However, the plaintiff still seems to believe his life is in jeopardy and the Department of Corrections is not taking proper steps to protect him. The plaintiff asks the court to order his transfer to either the Illinois River

Correctional Center Witness Protection Program or to a protective custody unit at Stateville Correctional Center.

The plaintiff then sent the court a follow-up letter which states that the plaintiff was transferred to the protective custody unit at Stateville Correctional Center. However, the plaintiff still fears he could be sent back to Pontiac or Menard Correctional Centers.

First, the plaintiff has not filed a proper motion for reconsideration. The plaintiff has presented no basis for the court to reconsider its decision to dismiss his complaint. Second, the plaintiff is asking for relief from the court that the plaintiff is not entitled to. *See Shango v. Jurich,* 681 F.2d 1091, 1102 (7th Cir. 1982).

IT IS THEREFORE ORDERED that:

1) The plaintiff's motion for additional time to file a reply to the defendants response to his motion to reconsider is denied as moot. [d/e 41]   The plaintiff has now filed a reply which the court considered.

2) The plaintiff's motion to reconsider the court's order dismissing his lawsuit is denied. [d/e 39].

Entered this 23rd day of May, 2005.

**s\Harold A. Baker**

---
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE